UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN TAHA, an Oregon resident, CHASITY          Case No.: 3:13-cv-00398-HA
MYERS, an Oregon resident, and DONNA
BASHAM, and Oregon resident,                    OPINION AND ORDER

      Plaintiffs,

      v.

NORTHWEST GROUP, INC., a/b/n JACK IN
THE BOX, a Oregon Domestic Business
Corporation,

      Defendant.

HAGGERTY, District Judge:

      Plaintiffs Ryan Taha, Donna Basham, and Chasity Myers (collectively "plaintiffs") filed a

law suit alleging numerous violations of state and federal law that arose from plaintiffs'

employment with Northwest Group, Inc. ("defendant"). Defendant asserts that prior to the

commencement of plaintiffs' employment with defendant, each plaintiff executed an arbitration

agreement, which requires plaintiffs to submit to binding arbitration any dispute that may arise

1 – OPINION AND ORDER

from their employment with defendant.  Plaintiffs Taha and Basham have agreed to submit their claims to binding arbitration and this court ordered [5] that the action regarding those claims be stayed.  Plaintiff Myers has not agreed to submit her claims to arbitration.  Accordingly, defendant moves this court to compel arbitration and to stay or dismiss this matter as to plaintiff Myers.  This court finds oral argument unnecessary to rule on the current motion.  Defendant's Motion to Compel Arbitration [6] is denied.

## BACKGROUND

Defendant is the franchise holder of forty-five Jack in the Box restaurants in Oregon and southwest Washington.  It is uncontested that plaintiff Myers started her employment with defendant on February 14, 2011.  Most of the other facts surrounding the initialization of Myers' employment are disputed by the parties.

According to defendant, Myers met with the owner of Northwest Group, Inc. and a human resources representative on February 11, 2011.  During this meeting, defendant claims that Myers was given an employment offer letter and a copy of the Handbook.  In the Handbook, is the At-Will Employment & Arbitration Employee Acknowledgment and Agreement ("Arbitration Agreement"), which requires that employees submit any dispute arising from their employment to binding arbitration. Cacye Gonzales-Cobb Decl., Ex. 1, p. 8.  Plaintiff Myers signed an acknowledgment page, entitled "At-Will Employment Arbitration Employee Acknowledgment/Agreement And Employee Handbook" ("Acknowledgment").  The attestation on that page states in all-caps typeface, "MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.  DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE

2 – OPINION AND ORDER

ACKNOWLEDGMENT AND AGREEMENT." Cacye Gonzales-Cobb Decl., Ex. 2. Defendant claims that the human resources representative went though each page of the employment packet with Myers, gave her time to read each section, and asked her if she had any questions. According to defendant, Myers signed the Acknowledgment, an offer of employment letter, an Authorization to Release Information form, and a W-4 form during the February 11, 2011 meeting. On Myers first day of employment, February 14, 2013, she signed a Direct Deposit Authorization and an I-9 Employment Eligibility form because she did not bring a voided check and her social security card to the February 11, 2013 meeting.

According to plaintiff Myers, she did not participate in any meeting with representatives of defendant on February 11, 2013. Instead, Myers claims that she signed all of her employment documents on her first day of work, February 14, 2011. Myers claims that the human resources representative instructed Myers to backdate each document to February 11, 2011 for legal reasons. Myers asserts that her Direct Deposit Authorization form and I-9 Employment Eligibility form were dated February 14, 2011, because those documents were provided to Myers after the initial instructions to backdate, or because Myers deemed it unnecessary to backdate those particular documents. Myers claims that while she signed the Acknowledgment, it was not attached to any other documents. Myers does not recall viewing any employee handbook and claims that the human resources representative did not read through such handbook or ask whether Myers understood it. Myers asserts that she did not become aware of the existence of the Arbitration Agreement until one month after her first day of employment.

On June 17, 2013, defendant filed the current Motion to Compel Arbitration. Because the parties recitation of the facts differed to such a degree, on August 1, 2013, this court ordered the

parties to submit all evidence in their possession that either confirms or denies that Myers met with representatives of defendant on February 11, 2011. The court also ordered the parties to submit all evidence that either confirms or denies that Myers backdated the Acknowledgment and all evidence related to Myers' compensation on February 14, 2011. On August 9, 2013, defendant filed a letter, attaching the documents that Myers dated February 11, 2011, as well as payroll documentation for February 14, 2011. Myers submitted a Second Declaration of Chasity Myers and the Declaration of Ryan Taha.

## DISCUSSION

The Federal Arbitration Act ("FAA") was enacted "to ensur[e] that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1748 (2011) (citations omitted). Accordingly, the FAA creates a policy that favors the enforcement of arbitration agreements. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citations omitted). The FAA places arbitration agreements upon the same footing as other contracts. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).

When a party contests an arbitration agreement, the FAA limits the court's involvement to "determining (1) whether a valid agreement to arbitrate exists and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000). In the current case, plaintiff Myers does not argue that the agreement does not encompass the dispute at issue. Therefore, the only question before the court is whether a valid agreement to arbitrate exists.

Plaintiff Myers argues that no valid agreement exists because defendant failed to make an offer and plaintiff Myers did not accept any offer. To support this contention, Myers relies on

*Hergenreder v. Bickford Senior Living Group, LLC*, 656 F.3d 411 (6th Cir. 2011).  In

*Hergenreder*, the Sixth Circuit found that the parties failed to enter into a valid arbitration

agreement, because the there was neither an offer nor an acceptance to submit all claims to

arbitration.  *Id.* at 418.  However, *Hergenreder* is distinguishable from the case at issue.  In that

case, the employer required that the new employee sign an acknowledgment stating that she

received the employee handbook.  *Id.* at 414.  The handbook contained no reference to an

arbitration agreement, but it did refer the employee to another document, the Dispute Resolution

Procedure, which contained an arbitration agreement.  *Id.* at 417-18.  The employer did not

contend that the employee signed the attached arbitration agreement, but rather that she assented

to its terms by continuing to work.  *Id.* at 419.  The court held that the employee was not

contractually obligated to read the arbitration agreement that was referenced in the handbook.  *Id.*

at 418.  Further, the reference to the arbitration agreement in the handbook was not an offer

because that reference was not a manifestation of willingness to enter a bargain.  *Id.* at 418.

Therefore, the employer never made an offer related to the arbitration agreement and the

employee could not have assented to it.

In contrast, the Acknowledgment that plaintiff Myers signed explicitly states "I have read,

understand, and agree to be legally bound to all of the above terms." Cacye Gonzales-Cobb Decl.,

Ex. 2.  Above that sentence are the words, "At-Will Employment & Arbitration Employee

Acknowledgment/Agreement and Employee Handbook."  *Id.*  Therefore, unlike the employee in

*Hergenreder*, Myers signed an acknowledgment stating that she read and agreed with the terms

of the Arbitration Agreement.  Accordingly, it is clear that an offer and acceptance of the

arbitration terms are present in this case.

5 – OPINION AND ORDER

Plaintiff Myers argues that the Acknowledgment is not in any way linked to the

Arbitration Agreement because the Acknowledgment refers to an "Employee Handbook" while

defendant claims that the Arbitration Agreement is contained in a document titled, "Northwest

Group Inc. WORKPLACE GUIDELINES."  However, the top of the Acknowledgment actually

reads, "At-Will Employment & Arbitration Employee Acknowledgment/Agreement and

Employee Handbook" and the Arbitration Agreement is entitled "At-Will Employment &

Arbitration Employee Acknowledgment and Agreement."  Therefore, the Acknowledgment and

the Arbitration Agreement are clearly linked.

Myers next argues that she never received the Arbitration Agreement.  This fact is

disputed by defendant.  Regardless, even if Myers never received the Arbitration Agreement, this

fact would not force this court to conclude that no agreement on arbitration was made.  In *Gray v.

Rent-a-Center West, Inc.*, the court held that an employee who may have never seen the

arbitration agreement at issue, is still bound by its terms.  No. CV 06-1058-HU, 2007 WL

283035 (D. Or. Jan. 24, 2007).  Like plaintiff Myers, the employee in *Gray* argued that an

arbitration agreement was unenforceable because he was never provided the arbitration

agreement.  *Id.* at *4.  In regards to this argument, the court held, "Even assuming the validity of

his allegation that he did not receive the preceding pages, plaintiff's failure to request those pages

and read them is not a defense to enforcement."  *Id.* at 5.  The burden to request and read the

arbitration is even stronger in the present case, because the Acknowledgment states in bold

letters, "DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE ACKNOWLEDGMENT

AND AGREEMENT."  Cacye Gonzales-Cobb Decl., Ex. 2.  Therefore, plaintiff Myers was at

the very least notified of the existence of the Arbitration Agreement and defendant's alleged

failure to provide the Arbitration Agreement to Myers does not prevent enforcement of the agreement.

Finally, plaintiff Myers argues that the Arbitration Agreement cannot be enforced because defendant forced Myers to backdate the document. According to Myers, defendant required Myers to backdate the document in order to circumvent Oregon Revised Statute 36.620, which requires an arbitration agreement to be entered at least seventy-two hours before the first day of employment. While defendant disputes that the document was backdated, plaintiff's argument is without merit regardless. The Supreme Court has held that the FAA preempts any state law that "conflict[s] with the FAA or frustrate[s] its purpose to ensure that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC*, 131 S.Ct. at 1750, n.6. ORS 36.620(5) is preempted by the FAA because it "only renders unenforceable arbitration agreements that would otherwise be enforceable under the FAA." *Bettencourt v. Brookdale Senior Living Communities, Inc.*, No. 09-cv-1200-BR, 2010 WL 274331, *7 (D. Or Jan. 14, 2010.) Therefore, non-compliance with ORS 36.620(5) will not prevent the enforcement of the Arbitration Agreement.

However, this court finds that the date that the Acknowledgment was signed is imperative nonetheless. In Oregon, a valid contract requires an offer, acceptance, and consideration. *C.R. Shaw Wholesale Co. v. Hackbarth*, 201 R. 1066, 1067 (D. Or. 1921). If Myers' recitation of the facts are accurate, and the Acknowledgment was backdated when Myers signed it on February 14, 2011, the Arbitration Agreement lacks consideration and is therefore invalid. The parties do not dispute that February 14, 2011 was Myers' first day of employment. If Myers was already employed by defendant and getting paid by defendant at the time she signed the

7 -- OPINION AND ORDER

Acknowledgment, the Arbitration Agreement did not include consideration, because Myers received nothing in return for her promise to submit claims to arbitration. Therefore, the only question remaining is whether Myers signed the Acknowledgment on February 14, 2011 or February 11, 2011.

This court ordered the parties to submit all evidence that may confirm or deny that Myers backdated the Acknowledgment. In response, defendant produced only the documents at issue themselves, along with a Confidentiality Agreement also dated February 11, 2011. The date on the documents is not persuasive when this court is tasked with determining whether Myers' backdating allegations are true. Myers, on the other hand, submitted the Declaration of Ryan Taha. Taha was also an employee of defendant and one of Myers' co-plaintiffs. Taha states that he was in the same office and observed Myers sign her employment papers on February 14, 2011. Accordingly, the court finds that Myers backdated the Acknowledgment. Therefore, the Arbitration Agreement did not include consideration, and as a result, no valid arbitration agreement exists.

## CONCLUSION

For the reasons provided, defendant's Motion to Compel Arbitration [6] is DENIED.

IT IS SO ORDERED.

DATED this _15_ day of August, 2013.

Ancer L. Haggerty
United States District Judge

8 – OPINION AND ORDER