UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RYAN TAHA, an Oregon resident; CHASITY MYERS, an Oregon resident; and DONNA BASHAM, an Oregon resident, | Case No.: 3:13-cv-00398-HA<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| NORTHWEST GROUP, INC., a/b/n JACK IN THE BOX, a Oregon Domestic Business Corporation, | |
| Defendant. | |

HAGGERTY, District Judge:

Pursuant to Federal Rule of Civil Procedure 59(e), Northwest Group, Inc. ("defendant") moves this court to reconsider its August 15, 2013 Opinion and Order [19]. For the reasons discussed below, defendant's Motion for Reconsideration [20] is denied.

1 -OPINION AND ORDER

## BACKGROUND

Plaintiffs Ryan Taha, Donna Basham, and Chastity Myers filed a law suit alleging numerous violations of state and federal law that arose from plaintiffs' employment with defendant. Defendant asserts that prior to the commencement of plaintiffs' employment, each plaintiff executed an arbitration agreement, which requires plaintiffs to submit to binding arbitration any dispute that may arise from their employment with defendant. Plaintiff Myers refused to submit her claim to arbitration, and defendant moved this court to compel arbitration.

In support of defendant's Motion to Compel Arbitration [6], defendant submitted the Declaration of Cacye Gonzales-Cobb [9]. In that declaration, Gonzales-Cobb stated that Myers signed the Arbitration Agreement at issue on February 11, 2011. To support her opposition to defendant's Motion to Compel Arbitration, Myers submitted her own declaration, which states that no meeting occurred on February 11, 2013. Instead, Myers' declaration states that she signed all of her employment documents on her first day of work, February 14, 2011, and back dated the documents per the instructions of a human resources representative.

Finding that the validity of the Arbitration Agreement turned on which date it was signed, this court issued an Order [15] requiring the parties to produce evidence of the date that the Arbitration Agreement was signed. In response, plaintiff submitted, *inter alia*, a Second Declaration of Chastity Myers and the Declaration of Ryan Taha, in which he stated that he was in the office on February 14, 2011 and watched Myers sign employment papers. Defendant once again submitted the documents that it had provided in support of its original motion along with Myers' Confidentiality Agreement and Myers' payroll information. In an Opinion and Order dated August 15, 2013, this court denied defendant's Motion to Compel Arbitration, relying on

the declarations of Taha and Myers.

**ANALYSIS**

Reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), is appropriate "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted). A motion for reconsideration should not be granted absent "highly unusual circumstances," unless, *inter alia*, the court "committed clear error." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Also, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Whether or not to grant reconsideration is committed to the sound discretion of the court. *Navajo Nation,* 331 F.3d at 1046. (citation omitted).

In the present case, defendant fails to set forth an argument that any instance in which reconsideration is appropriate is applicable under the current circumstances. Defendant does not argue that there is new evidence, that there is an intervening change in the law, or that reconsideration is necessary to prevent manifest injustice. Therefore, defendant's motion does not satisfy the standard for reconsideration.

Even if defendant's motion were construed to allege that the court committed clear error by failing to consider the declaration of Gonzales-Cobb, the court did not err. To demonstrate that the court did not consider the declaration, defendant cites the Opinion and Order: "defendant produced only the documents at issue themselves." Defendant's Motion for Reconsideration at 2.

3 - OPINION AND ORDER

However, the Opinion and Order actually says "In response [to the court's order to submit evidence], defendant produced only the documents at issue themselves." Opinion and Order at 8. The court's consideration of the Gonzales-Cobb declaration is evident through its frequent citation to the declaration throughout the Opinion and Order.

Furthermore, the Gonzales-Cobb declaration did not satisfy defendant's burden to demonstrate that a valid contract existed. "The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise." *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 963 n. 9 (9th Cir. 2007) (*quoting Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991)). In consideration of Gonzales-Cobb's declaration, this court was presented with a situation that defendant accurately describes as "he said-she said" - or the declaration of Gonzales-Cobb versus the declarations of Taha and Myers. When faced with opposing facts such as this, it is clear that defendant did not satisfy its burden that a valid arbitration agreement exists.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Reconsideration [20] is DENIED.

IT IS SO ORDERED.

DATED this 23 day of September, 2013.

Ancer L. Haggerty
United States District Judge